[Civ. No. 1651.   Third Appellate District.—May 31, 1917.]

## C. A. BLACK, Respondent, v. GEYSER PEAK WINE AND BRANDY COMPANY (a Corporation), Appellant.

ACTION FOR PRICE OF GRAPE CROP—APPEAL—SUFFICIENCY OF EVIDENCE —AFFIRMANCE OF JUDGMENT.—Upon an appeal from the judgment and order denying a new trial in an action to recover the purchase price of a grape crop, where the record discloses unequivocal, clear, and direct testimony fully supporting and warranting every material finding, the judgment and order must be affirmed.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, and J. T. Coffman, for Appellant.

J. R. Leppo, for Respondent.

BURNETT, J.—The action was brought by plaintiff upon his own demand and as the assignee of six assigned claims for the purchase price of grapes of the crop of 1915. Plaintiff alleged that he and his assignors—except one—sold their grapes to defendant upon specific agreements that they were to be paid for at the market price prevailing for said season at the place of delivery when said price became established, and that this market price was in due course established at $15 per ton for black and $14 per ton for white grapes. The one exception was in the instance of the assignor, Abshire, wherein an implied contract to the same effect was relied upon. Defendant, in its answer, took issue with this theory of the contracts and alleged that it bought all of said grapes at an agreed price of $12 per ton for the black grapes and $10 for the white, and that it had paid the amount agreed upon, which was accepted as full payment by plaintiff and his assignors.

We cannot understand how the learned counsel for appellant could expect this court to interfere with the judgment and order denying the motion for a new trial. The only point made is that the evidence is insufficient to support the findings of the lower court, and to sustain the position of appellant an

interesting and ingenious argument is made.    However, respondent in his brief sets out portions of the transcript which disclose unequivocal, clear, and direct testimony fully supporting and warranting every material finding.    We have taken pains, by an examination of the record, to verify the quotations of respondent, and we can perceive no good reason for reproducing such testimony or for dwelling upon the well-established rule that must operate here for an affirmance of the action of the lower court.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

# MEMORANDUM CASES.